# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1289V
### UNPUBLISHED

| | |
|---|---|
| BARBARA BECKMANN,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 4, 2024<br><br>Special Processing Unit (SPU);<br>Ruling on the Record; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 14, 2022, Barbara Beckmann filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU"). Although entitlement was conceded, the parties were unable to resolve damages informally, so they agreed instead to submit this dispute for resolution at an expedited "Motions Day" hearing, which took place on October 25, 2024

For the reasons described below, I award **$115,000.00** for actual pain and suffering, plus **$308.27** for out-of-pocket expenses.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I.   **Fact Evidence**

Ms. Beckmann received a flu vaccine in her right shoulder on September 4, 2021. Ex. 1 at 1. She reported shoulder pain on September 29, 2021, stating it started two hours after vaccination. Ex. 3 at 169. Her pain was reported as eight to ten out of ten. *Id.* An x-ray indicated mild degenerative changes, and an examination showed reduced range of motion with weakness. *Id.* at 3 at 169, 170. A steroid injection was also administered. *Id.* at 171.

Petitioner attended six physical therapy sessions, starting on October 7, 2021. Ex. 3 at 12-14. Her pain was reported as zero at best, ten out of ten at worst, and currently seven out of ten. *Id.* at 12. On October 15, 2021, Petitioner reported that the steroid injection did not provide much benefit and physical therapy made her shoulder more painful. *Id.* at 188.

An MRI on October 20, 2021, revealed that Petitioner had bursitis. Ex. 3 at 129. On November 16, 2021, she underwent arthroscopic surgery that included debridement and subacromial decompression. *Id.* at 36.

Between November 29, 2021 and April 27, 2022, Petitioner attended nineteen physical therapy sessions. Her pain improved, and by February 28, 2022 it was reported as zero to five out of ten. Ex. 3 at 81. By April 5, 2022, Petitioner had a full and unrestricted range of motion, great strength, and no impingement signs.

II.   **Damages**

Petitioner argues that she is entitled to $135,000.00 for pain and suffering, and $308.27 for out-of-pocket expenses. Petitioner's Damages Brief ("Pet. Br."), ECF No. 30, at 1, 9-12. Respondent counters that a lower award of between $75,000.00 and $85,000.00 is more appropriate in this case. Respondent's Damages Brief ("Opp."), ECF No. 31, at 9-10. He does not contest the out-of-pocket expenses. Opp. at 1 n.1.

After listening to the arguments of both sides, I orally announced my ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the October 25, 2024 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded.

In a recent decision I discussed at length the legal standards to be considered in determining damages and prior SIRVA compensation within SPU. I incorporate herein

my prior discussion in Sections V - VII of *Crawford v. Sec'y of Health & Hum. Servs.*, No. 19-0544V, 2024 WL 1045147, at *20-22 (Fed. Cl. Feb. 5, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

### III.     Appropriate Compensation for Pain and Suffering

In this case, awareness of the injury is not disputed. The record reflects that at all times Ms. Beckmann was a competent adult with no impairments that would impact the awareness of her injury. Therefore, my analysis focuses primarily on the severity and duration of Petitioner's injury. When performing this analysis, I review the record as a whole, including the medical records and affidavits filed, all assertions made by the parties in written documents, and the arguments presented during the Motions Day hearing.

Petitioner cites to a number of SIRVA damages decisions that awarded between $125,000.00 to $127,500.00 for pain and suffering. Pet. Br. at 12-14.[3] Petitioner argues that she suffered a moderate-to-severe SIRVA over approximately one and a half years, and her treatment involved a cortisone injection, an MRI, 25 physical therapy sessions, and surgery. *Id.* 12, 15. Respondent argues that Petitioner's SIRVA was mild-to-moderate, justifying a lower award. Opp. at 13. In support, he cites to eight cases awarding between $75,000.00 and $85,000.00 for pain and suffering. *Id.* at 9-10. However, Respondent did not provide a specific valuation for this case.

The record in this case best supports the conclusion that Ms. Beckmann suffered a moderate SIRVA for approximately seven months. Petitioner reported pain fairly shortly thereafter. Additionally, Petitioner's treatment consisted of an MRI, 25 physical therapy sessions, and one steroid injection. Further, she experienced moderate to severe pain for a short period, however by February 28, 2022 (six months post-vaccination) it was reported as zero to five out of ten. Ex. 3 at 81. And she underwent surgery – a relevant consideration when deciding whether to permit a six-figure pain and suffering award, as requested by Petitioner herein.

I have identified one prior decision that stands as a useful comparable. *Hall v. Sec'y of Health & Hum. Servs.*, No. 19-1556V, 2022 WL 2196412, at *4 (Fed. Cl. May 6, 2022) (awarding $110,000 for pain and suffering). In *Hall,* the petitioner had a moderate

---

[3] *Jackson v. Sec'y of Health & Hum. Servs.,* No. 20-0051V, 2023 WL 4401125 (Fed. Cl. June 2, 2023) (awarding $125,000 for pain and suffering); *Smith v. Sec'y of Health & Hum. Servs.,* No. 19-0745V, 2021 WL 2652688 (Fed. Cl. May 28, 2021) (awarding $125,000 for pain and suffering); *Rafferty v. Sec'y of Health & Hum. Servs.*, No. 17-1906V, 2020 WL 3495956 (Fed. Cl. May 21, 2020) (awarding $127,500 for pain and suffering).

SIRVA, one cortisone injection, 18 physical therapy sessions, and a complicated surgery requiring two surgeons over a seven month period. Ms. Beckman had a similar treatment course, but more physical therapy.

Balancing the severity of Petitioner's SIRVA injury and the course of treatment against awards made to similarly-situated Program petitioners, I find that **$115,000.00** in compensation for actual pain and suffering is reasonable and appropriate in this case (plus the agreed-upon unreimbursed medical expenses).

## Conclusion

For all of the reasons discussed above, and based on consideration of the record as a whole, **I find Petitioner is entitled to compensation. Further, I award Petitioner a lump sum payment of $115,308.27 (consisting of $115,000.00 for actual pain and suffering and $308.27 in out-of-pocket expenses) in the form of a check payable to Petitioner.**

This amount represents compensation for all items of damages that would be available under Section 15(a). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.